**Bruce PHILLIPS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41317.

Court of Criminal Appeals of Texas.

June 12, 1968.

Rehearing Denied July 24, 1968.

Fred J. Finch, Jr., Dallas, Tom Moore, Jr., Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., George Allen, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is rape; the punishment, assessed by the jury, 99 years in the Texas Department of Corrections.

A recitation of the facts is unnecessary to the proper disposition of this appeal. The State's evidence shows the rape of the white prosecutrix, who was several months pregnant, at gunpoint by the Negro appellant. Appellant, testifying in his own behalf, admitted having sexual intercourse with the prosecutrix but contended that it was with her consent and he paid her $2.-00.

We are squarely confronted at the outset with the question of whether appellant's six grounds of error were properly assigned in the trial court.

Sentence was pronounced on January 3, 1968, and notice of appeal was given on the same day.

On April 10, 1968, the District Clerk certified the completion of the record and on that same date the State and appellant's retained counsel in a joint written instrument waived the statutory 15 day notice of the completion of the record and *the time for filing briefs.* The trial court approved the record on April 11, 1968.

On April 15, 1968, the record in this cause was received and filed in this Court; submission date was set for May 29, 1968.

On May 28, 1968, appellant filed a motion with the trial court requesting permission for the late filing of his appellate brief. In his order granting the motion, the trial judge stated he had considered the same and if the brief had been timely filed and no waiver entered, he would have "overruled Defendant's Motion for New Trial." On May 29, 1968, when appellant's counsel appeared for oral argument before this Court his appellate brief was filed for the first time. On the same date the State's 75 page brief, never filed in the trial court and obviously prepared without benefit of appellant's brief, was filed with this Court.

The procedure set forth in Article 40.09, Vernon's Ann.C.C.P., allows the trial court full opportunity to examine the completed record, hear oral arguments, study briefs

and grant a new trial to the same extent that this Court would be authorized to do. This was the real innovation in our appellate procedure contained in the 1965 Code of Criminal Procedure. Liberal provisions for the extension of time to file appellate briefs in the trial court were included to assure the effectiveness of this procedure.

In the case at bar, however, the provisions of Article 40.09, Sections 9, 10, 11, 12 (as amended) and 13, V.A.C.C.P., were deliberately by-passed solely, as we were informed on oral argument, to secure an early appeal date.

Article 44.11, V.A.C.C.P., as amended, does not authorize the procedure here utilized since under the provisions of Article 40.09, Section 13, supra, the briefs, if any, must be submitted along with the appellate record when it is transmitted to this Court.

Any other construction with regard to filing appellate briefs in the trial court would destroy the very purpose of Article 40.09, supra, and permit an appellant, with consent of the trial court, to assign additional grounds of error on appeal between original submission and the motion for rehearing or the issuance of the mandate of this Court. There is nothing in such articles to indicate that such was the intent of the Legislature.

We are here dealing with the narrow question of whether the trial court retained jurisdiction, under the circumstances described including the waiver by appellant's employed counsel of the time to file briefs, to permit the late filing of appellate briefs in the trial court after the appellate record was properly filed in this Court. It should be remembered that we are not confronted with an appellate record prematurely filed in this Court, or a situation where the trial judge had acted in accordance with the provisions of Section 15 of Article 40.09, supra.

In Rangel v. State, Tex.Cr.App., 408 S.W.2d 231, where the record was pre-

maturely filed in this Court, we held, in construing Articles 40.09 and 44.11, supra, that under the circumstances presented, the trial court retained jurisdiction to grant the appellant's motion to dismiss the appeal. In that case the appellate record had not been approved by the trial judge and the time for filing briefs had not expired at the time appellant's request was granted. See Tucker v. State, Tex.Cr.App., 416 S. W.2d 437. In Brill v. State, Tex.Cr.App., 408 S.W.2d 232, the trial judge was held authorized to permit dismissal of the appeal prior to the filing of appellate record in this Court. In the case at bar the appellate record had been approved, time for filing briefs waived, and the record filed in this Court and the cause set for submission prior to appellant's motion requesting permission for the late filing of his brief in the trial court. The trial judge was without authority to grant such motion. Appellant's grounds of error, not assigned in the trial court until May 28, 1968, are not before us for review.

In view of our holding it should be noted that Articles 40.09 and 44.11, supra, were designed to govern the submission of the original appeal and they do not affect the jurisdiction of the trial court where after a writ of habeas corpus hearing pursuant to Article 11.07, V.A.C.C.P., it may be authorized to grant an out of time appeal, counsel or record on appeal, determine the voluntariness of a confession, etc., Ex parte Young, Tex.Cr.App., 418 S. W.2d 824; Ex parte Castanuela, Tex.Cr. App., (No. 41, 156), or where a further hearing in the trial court is directed by this Court upon a federal claim of denial of due process. See Hullum v. State, Tex.Cr.App., 415 S.W.2d 192; Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

Despite our conclusion, we have, nevertheless, carefully considered appellant's grounds of error, including his claim of newly discovered evidence contained in his belatedly filed brief, and have inspected the transcription of the court reporter's

notes and find nothing which we deem reviewable "in the interest of justice." Article 40.09, Sec. 13, supra.

■ Even if before us for review, we would reject appellant's contentions that 99 years, under the facts, was an excessive penalty and constitutes cruel and unusual punishment, and that he was deprived of due process and equal protection of the law because the average sentence for rape in McLennan County since 1920 is less than 12 years, even though the only previous two cases which involved a Negro male and a white female (as in the case at bar) each defendant received 99 years.

■ Two of appellant's other grounds of error relate to certain cross-examination of appellant by the prosecutor to which no objection was offered. We find no merit in the claim that the State's Attorney's allusion in argument to the appellant's failure to call a certain witness was improper, harmful, and prejudicial necessitating reversal.

The judgment is affirmed.