**M. C. SIRLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41434.**

Court of Criminal Appeals of Texas.

Oct. 9, 1968.

John W. Overton, Houston, on appeal only, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Phyllis Bell, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 10 years.

Appellant pleaded not guilty before a jury to the charge of burglary and filed a motion for probation. The state offered proof that he was found in a burglarized lounge engaged in the act of breaking into the juke box. The coin operated pool table and cigarette machine had already been broken into. Appellant did not testify or offer evidence at the trial on the issue of guilt.

The jury having found appellant guilty, he elected to have the jury pass upon his motion for probation and assess his punishment. Appellant testified at the hearing that so far as he knew he had never been convicted of a felony. On cross-examination he admitted four or more convictions for misdemeanor offenses in which a jail term was served. The state offered testimony that appellant's reputation for being peaceful and law abiding was bad.

The jury assessed the punishment at 10 years in the penitentiary without recommendation for probation.

Appellant having filed affidavit of indigency prior to the return of the indictment, two members of the Harris County Bar were appointed to represent him and a staff attorney of the Houston Legal Foundation was appointed to advise and counsel with appointed trial counsel in the preparation of the defense.

One of the attorneys so appointed and another Houston lawyer represented appellant at his trial.

Notice of appeal was given on March 17, 1967, and on March 20, 1967, trial counsel requested that they be discharged. On March 21, 1967, the court appointed Hon. John Overton of the Harris County Bar to represent appellant on appeal. Thereafter a complete record on appeal was prepared.

Mr. Overton, having examined the record, concluded that the appeal was wholly frivolous and without merit but, recognizing the holding of the Supreme Court of the United States in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, filed an appellate brief setting forth the contentions of his indigent client, all of which are without merit.

The judgment is affirmed.

ONION, Judge (dissenting).

In Anders v. State of California, 386 U. S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court in discussing the duty of court appointed counsel on appeal said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires that he support his client's appeal to the best of his ability. Of

course, *if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses;* the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (Emphasis Supplied)

In the case at bar the appellate record, reflecting that this indigent appellant was represented by court appointed counsel, arrived at this Court without any appellate brief on his behalf.

The record shows the appointment of appellate counsel on March 21, 1967. On January 30, 1968, such counsel was notified of the completion of the record and such record was approved on February 15, 1968. No brief was filed in the trial court by the defense within the time permitted by Article 40.09, Vernon's Ann.C.C.P. The State's brief was filed in the trial court on April 15, 1968, and the appellate record was received by this Court on May 17, 1968. On May 30, 1968, appellant's counsel requested permission from the trial court to file an appellate brief in this cause already filed in this Court. The trial court granted such request and instructed the clerk to forward such brief to this Court when filed in the trial court. Such brief was filed in the trial court on July 17,

1968, and received by this Court on July 19, 1968.

Such brief sets forth the fact that appellant's counsel is of the opinion that the appeal is "wholly frivolous and without merit." While the brief sets forth four grounds of error that might arguably support the appeal, there is no showing that such brief has been furnished the indigent appellant and time allowed for him to raise any grounds of error if he chooses, as required by Anders, supra.

It is true appellant's counsel states in his brief that he is not asking to withdraw, but Anders clearly indicates that is the proper course where counsel finds the appeal to be wholly frivolous.

The majority concludes that the requirements of Anders have been met without any discussion of the failure of the record to show that this indigent appellant has been served with a copy of the appellate brief and given an opportunity to raise his own grounds of error. I cannot agree.

By the time the appellate brief was filed in the trial court, the record on appeal had been filed in this Court and the trial court had lost jurisdiction. Phillips v. State, Tex.Cr.App., 429 S.W.2d 897. Therefore, even if the brief had been served on the appellant and he had raised other grounds of error, our review would be limited to only those which would require review "in the interest of justice." Article 40.09, Sec. 13, V.A.C.C.P.

It is clear that appellant has been deprived of the opportunity either through counsel or by himself to present his grounds of error to the trial court at the first crucial stage of the criminal appellate procedure in Texas, to which Anders should apply, and suffers anew at this second stage of appellate review for the failure to assign grounds of error in the trial court. Article 40.09, Sec. 9, V.A.C.C.P.

I would abate this appeal until it has been shown that a copy of the brief on appeal has been furnished this indigent appel-

lant and reasonable time allowed for him to assign or raise any grounds of error he desires in the trial court. See Article 40.-09, V.A.C.C.P.

I respectfully dissent.

MORRISON, J., agrees that this case is controlled by the rule set forth in Anders v. State of California, supra, and to that extent joins in this dissent.