**Joe Guzman GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 41699.

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

James R. Gillespie, San Antonio, (court appointed) for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, assessed by the jury, 30 years' confinement in the Texas Department of Corrections.

On September 27, 1967, the trial court, having determined that the appellant was indigent, granted his request for appointed counsel.

Appellant's trial commenced on November 6, 1967.

Sentence was pronounced on March 20, 1968, and notice of appeal was given.

The record on appeal was approved July 1, 1968, and on September 9, 1968, the trial court ordered the record forwarded to this Court, noting that no appellate briefs had been filed in the trial court by either the appellant or the State and the time for filing such briefs had expired. See Article 40.09, Vernon's Ann.C.C.P.

The record on appeal was filed in this Court on September 18, 1968.

On October 8, 1968, a brief was filed in this Court by appellant's appointed counsel. Such brief states that the "appeal is without merit and is frivolous" and counsel requests permission to withdraw from the case. The brief questions the sufficiency of the indictment and the evidence but after reciting some of the relevant facts and citing some authorities concludes the appeal lacks merit. Counsel certifies a copy of the brief has been sent to the indigent appellant.

It is the contention of appellant's counsel that he has complied with the procedure outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

In Anders the United States Supreme Court in discussing the duty of court appointed counsel on appeal said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires that he support his client's appeal to the best of his ability. Of course, *if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses*; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (Emphasis Supplied)

It should be remembered however that under our rather unique appellate procedure this Court is required only to review those grounds of error assigned in the trial court by appellate brief, Article 40.09, Sec. 9, V.A.C.C.P. Otherwise our review is limited to unassigned error which would be required "in the interest of justice." Article 40.09, Sec. 13, V.A.C.C.P. Under our procedure the place for appointed counsel to comply with Anders if he conscientiously feels that the appeal is wholly frivolous is in the trial court. Then when the appellant is served with a copy of the counsel's brief, he will be able to assign such grounds of error in the trial court that he chooses. If this is not done then the appellant is deprived of the opportunity either through counsel or by himself to present his grounds of error to the trial court at the first crucial stage of the criminal appellate procedure in Texas, to which Anders should apply, and suffers anew at the second stage of appellate review for the failure to assign grounds of error in the trial court. The failure to take such action in the trial court will, in many cases, only provide a fertile field for subsequent out of time appeals. Cf. Crawford v. Beto (5th Cir.), 383 F.2d 604.

The procedure utilized in the case at bar does not meet the standard of Gainous v. State, 436 S.W.2d 137 (this day decided) which represents a careful compliance with Anders and Article 40.09, supra, but neither is it the procedure used in Garza v. State, Tex.Cr.App., 433 S.W.2d 428 (November, 1968). In Garza the appointed counsel filed no appellate brief in either the trial court or this Court. There the appeal was abated to allow the filing of a brief in the trial court on appellant's behalf and for such proceeding in the trial

court to provide appellant the effective aid of counsel on appeal and an adequate appellate review.

■ While it would have been more desirable if appointed counsel here had followed the Gainous procedure, we observe that the appellant has personally acknowledged to this Court the receipt of counsel's brief filed October 8, 1968. Though he asks for other counsel he does not assign any grounds of error. To abate this appeal for further proceedings in the trial court would be a useless thing.

We have therefore proceeded to make a careful examination of the entire record before us and find ourselves in accord with counsel's conclusion that the appeal is frivolous and none of the legal points or grounds of error arguable on their merits.

The judgment is affirmed.

DOUGLAS, J., not participating.

WOODLEY, Presiding Judge, and BELCHER, Judge (concurring).

This court has the duty as well as the authority to review "any unassigned error which *in the opinion* of the Court of Criminal Appeals should be reviewed in the interest of justice." Art. 40.09, Sec. 13, V. A.C.C.P.

When this court, after a full examination of all the proceedings, decides that the appeal is wholly frivolous it would serve no useful purpose to do other than affirm the conviction.

Under the Texas Procedure the trial court has no authority to dismiss an appeal on the ground that it is frivolous.

This appeal being frivolous and without merit, we concur in the affirmance of the conviction. Sirls v. State, Tex.Cr.App., 432 S.W.2d 902.