**Charles MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42094.**

Court of Criminal Appeals of Texas.

May 21, 1969.

**536**

No attorney of record on appeal for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ONION, Judge.

The offense is felony theft by bailee; the punishment, two years.

On April 24, 1968, trial counsel was appointed for the appellant after the court had determined he was indigent.

On May 29, 1968, appellant waived trial by jury and entered a plea of not guilty before the court. On this same day sentence was pronounced after appellant had waived the time in which to file a motion for new trial or in arrest of judgment.

On June 6, 1968, appellant, within ten days after sentence, gave written notice of appeal. After such notice no action was taken to appoint counsel on appeal. The State's brief filed in this Court concedes that the trial court was on notice of appellant's indigency having appointed trial counsel pursuant to appellant's affidavit, and that upon the filing of the notice of appeal appellant should have been afforded appointed counsel on appeal. We agree.

The record on appeal was approved and forwarded to this Court. It was filed here on March 28, 1969.

No appellate briefs appear to have been filed in the trial court and none on behalf of the appellant have been filed in this Court.

So that this indigent appellant not be deprived of the effective aid of counsel on appeal and an adequate appellate review, this appeal will be abated to allow the filing of a brief in the trial court on appellant's behalf and for such proceedings as may be conducted in the trial court to provide appellant the effective aid of counsel on appeal. See Garza v. State, Tex.Cr.App., 433 S.W.2d 428. See also Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493; Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501; see also Pate v. Holman, 5th Cir., 341 F.2d 764; Edge v. Wainwright, 5th Cir., 347 F.2d 190. As to duty of court appointed counsel on appeal see Anders v. State of California, supra; Garcia v. State, Tex.Cr.App., 436 S.W.2d 139; Gainous v. State, Tex.Cr.App., 436 S.W.2d 137; Pitts v. State, Tex.Cr.App., 442 S.W.2d 389.

It is so ordered.