**Danny L. DOSSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42227.**

Court of Criminal Appeals of Texas.

July 9, 1969.

V. G. Kolius, Amarillo, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from a revocation of probation.

The record reflects that on November 29, 1967, the appellant entered a plea of guilty before the court to an indictment charging him with forgery of a credit card. His punishment was assessed at five years. On the same date the imposition of the sentence was suspended and he was placed on probation subject to certain terms and conditions of probation.

Among the conditions of probation were the following:

"(1) Commit no offense against the laws of this or any other state or of the United States.

\* \* \* \* \* \*

"(9) Make restitution as and when directed by the probation officer and pay all costs of this proceeding.

"(10) Abstain from drinking intoxicating beverages."

On July 16, 1968, the State filed a motion to revoke probation alleging that appellant had, during the probationary period, violated condition (1) above in that he had been convicted of "Contributing to the Delinquency of a Minor"; had violated condition (9) by failing to make restitution as required, and had violated condition (10) in that he had been convicted of "Public Intoxication" in the State of Indiana.

On July 25, 1968, after a hearing, the court found that the appellant had failed to comply with the conditions of probation as set forth in the State's motion to revoke and revoked probation and pronounced sentence.

The brief of appellant's court appointed appellate counsel concedes that at such hearing the appellant personally stated to the court that allegations of the State's motion to revoke were true and correct.

After examination of the record appellant's counsel found the appeal to be wholly frivolous, but aware of his duty as appointed counsel under the decision of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and the decisions of this court in Garza v. State, 433 S.W.2d 428; Gainous v. State, 436 S.W.2d 137; Garcia v. State, 436 S.W.2d 139; Pitts v. State, Tex.Cr. App., 442 S.W.2d 389 and Martin v. State, Tex.Cr.App., 441 S.W.2d 535, he filed an appellate brief in the trial court under the provisions of Article 40.09, Vernon's Ann. C.C.P., and served a copy of the same upon the appellant, who has not sought to raise any question concerning the trial court's action in revoking probation.

An examination of the record convinces this court that counsel is correct in concluding that the appeal is frivolous, there being no legal points arguable on their merits.[1]

Finding that the trial judge did not abuse his discretion in revoking appellant's probation, the judgment is affirmed.

WOODLEY, P. J., not participating.

---

1. It is observed that failure to comply with condition No. 9 could not be used as the basis of the revocation since it is vague and uncertain, Stover v. State, Tex.Cr.App., 365 S.W.2d 808, and constitutes an unauthorized delegation of authority by the court to the probation officer. Cox v. State, Tex.Cr.App., 445 S.W.2d 200 (No. 42,198) this day decided; McDonald v. State, Tex.Cr.App., 442 S.W.2d 386. Sufficient grounds remain to justify the trial court's action and this court's conclusion that the appeal is frivolous.