

No attorney on appeal for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

**Woodrow WILSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42243.**

Court of Criminal Appeals of Texas.

Oct. 22, 1969.

OPINION

BELCHER, Judge.

The offense is the unlawful possession of heroin (second offense); the punishment, life.

The record reflects that appellant was represented at his trial by retained counsel J. K. Chargois, a member of the Harris County Bar.

Following the judgment rendered on the jury's verdict appellant retained William E. Steen, also a member of the Harris County Bar, who filed and presented a belated motion for new trial a principle ground being that appellant was denied the effective aid of counsel at his trial.

The motion for new trial and the evidence adduced thereon having been heard and the motion overruled, notice of appeal was given by Counsel William E. Steen on appellant's behalf.

Notice by certified mail of the completion and later of the approval of the record on appeal was given to Counsel William E. Steen.

No brief has been filed in appellant's behalf. Counsel Steen appears to have taken no action in regard to this appeal since appellant's affidavit: "I am too poor to pay the costs of court in the above styled and numbered cause and I am unable to give security therefor," was filed and the court ordered the court reporter to prepare and file the statement of facts.

Counsel Steen has advised the clerk of this Court by letter that he has "never been retained or appointed by the Court in connection with the appeal of this matter" and that as far as he was concerned he would not "appear for any oral arguments in the case or in any other capacity."

In order that the trial judge may see that appellant is not denied the effective aid of counsel on appeal, we deem it appropriate that this appeal be abated and the record on appeal returned to the trial court for further proceeding in that court as though said record on appeal had not yet been approved.

It is so ordered.

ONION, Judge (concurring).

I concur with the result reached by the majority, but feel compelled to state my reasons for doing so with the hope that the trial judge and others constantly confronted with the problem will be better able to understand the action taken.

The appellant was convicted as a second offender under the provisions of Article 725b, Vernon's Ann.P.C. and assessed life imprisonment by a jury following his plea of guilty.

The appeal is in forma pauperis. The record reaches this court by virtue of a pauper's oath on appeal filed in and approved by the trial court some time after sentencing, but prior to the approval of the appellate record, etc.

No appellate brief has been filed by the appellant in the trial court or in this Court though he was represented at the trial and on the hearing on the motion for new trial by two different attorneys, both retained. Counsel, who represented the appellant at the hearing on the motion for new trial and at the sentencing when notice of appeal was given, has notified the Clerk of this Court that he was neither retained or appointed for the purpose of an appeal. We find no motion to withdraw in the record, nor does the same reflect that counsel called this matter to trial court's attention even when he was notified of the completion of the record on appeal.

The first question, therefore, which presents itself is whether under the circumstances, the trial court was required to appoint counsel for this appellant, who was confined by virtue of the penalty imposed at the time the court determined he was an indigent for the purpose of appeal. The "appointment of counsel on appeal is not dependent upon a request therefor by an indigent defendant whose desire to appeal is manifest. Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33." Ex parte Engle, Tex.Cr.App., 418 S.W.2d 671, 675. When the constitutional right to counsel arises, a request therefor is not essential. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; Lee v. United States, 322 F.2d 770 (5th Cir); People v. Lilliock, 62 Cal.2d 618, 43 Cal.Rptr. 699, 401 P.2d 4.

The record is silent as to whether the court made any inquiry of the appellant regarding appellate counsel either retained or appointed.

If the court was required under the circumstances to appoint counsel, then this appeal should be abated to allow the appointment of counsel, the filing of a brief in the

trial court and for such proceedings as may be conducted in the trial court to provide this indigent appellant with an adequate appellate review. Garza v. State, Tex.Cr. App., 433 S.W.2d 428; Martin v. State, Tex.Cr.App., 441 S.W.2d 535. Cf. Gainous v. State, Tex.Cr.App., 436 S.W.2d 137; Garcia v State, Tex.Cr.App., 436 S.W.2d 139; Pitts v. State, Tex.Cr.App., 442 S.W. 2d 389 (concurring opinion).[1]

Even if it can be argued that appelant was at all times represented by retained counsel, then the difficult question of whether, under the circumstances, the "cop-out" of retained counsel entitled him to a belated appeal, with counsel, is presented. Atilus v. United States, 406 F.2d 694 (5th Cir.); Rhodes v. Warden, 7 Md.App. 423, 256 A.2d 351; Breedlove v. Beto, 404 F.2d 1019 (5th Cir.) (footnote 1 thereof).

Therefore, I deem it appropriate that this appeal be abated to allow the trial court to determine after a hearing, whether this appellant was entitled to appointed counsel on appeal, or if represented by retained counsel, whether the failure of such non-appointed counsel to file an appellate brief, etc., when requested or expected to do so, amounted to such dereliction of duty as to deny this appellant the effective aid of counsel at a crucial stage of the proceedings. In the view of an affirmative finding in either situation by the trial court, then the appellant should be afforded counsel, time in which to file an appellate brief in the trial court and for such other proceedings as may be conducted in the trial court under Article 40.09, V.A.C.C.P., to provide this indigent appellant with an adequate appellate review. This would be true unless the trial court finds that the appellant has waived counsel on appeal knowingly, intelligently and voluntarily, and such waiver is manifest of record, or unless the trial court finds that counsel was retained and his failure to file an appellate brief was with the knowing acquiescence of the appellant.

Where defendants, who have been represented by retained counsel at trial, are determined by the court to be paupers for the purposes of appeal, trial judges would be well advised to inquire and determine whether retained counsel expects to remain in the case, and make such inquiry and determination a part of the record. Such retained counsel should always, as officers of the court, request the permission of the court to withdraw before abandoning the case. Court clerks would also be well advised to call to the trial judge's attention any failure of counsel to file an appellate brief in the trial court where the appellant-defendant has been determined by the court to be an indigent for the purposes of appeal.

For the reasons stated, I concur.

---

1. The case at bar can be distinguished from Galvin v. State, Tex.Cr.App., 444 S.W.2d 938, principally because of the strictly limited pauper's oath in Galvin.