**Sam HOUSTON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42239.**

Court of Criminal Appeals of Texas.

Nov. 5, 1969.

Tim C. Curry, Fort Worth (Court-appointed on appeal only), for appellant.

Frank Coffey, Dist. Atty., Ronald W. Quillin, George McManus and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for burglary with intent to commit theft. A prior conviction for an offense of like character was alleged for enhancement; the penalty was assessed at twelve years.

The judgment was entered September 20, 1968. Sentence was pronounced October 9, 1968, and appellant and his retained counsel waived the right to appeal. Nine days later the trial court, after a request by appellant, permitted this appeal and appointed the Honorable Fred Fick to represent appellant. On November 22, 1968, appellant filed an affidavit for a record on appeal and for counsel to be appointed. The court permitted Mr. Fick to withdraw, appointed the Honorable Tim C. Curry and ordered a record for the appeal.

Three extensions of time for filing an appellate brief were granted by the trial court. Mr. Curry concluded that the appeal was wholly frivolous and without merit. He filed an appellate brief in the trial court which contained two grounds of error that might arguably support the appeal and furnished a copy of the brief to appellant. Just before receiving the brief, appellant was writing to the court appointed counsel to *"Get off my case.* I want another attorney." After counsel had prepared a brief,

appellant, who was given an opportunity to examine the record, filed an instrument designated "Defendant's Personal Exceptions and Brief." The trial court found that the appeal was wholly frivolous and without merit. Mr. Curry was permitted to withdraw and the trial court refused to appoint other counsel on appeal.

The above proceedings comply with the holding of the Supreme Court of the United States in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The entire record has been examined, and we find that the conclusion of the trial judge that the appeal is frivolous is correct.

In Garcia v. State, Tex.Cr.App., 436 S.W.2d 139, even though the requirements of Anders v. California, supra, and the suggested procedure set out in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137, were not followed, this Court affirmed the conviction because it would have been a useless thing to abate a frivolous appeal for further proceedings. The concurring opinion in Gainous correctly noted that under the Texas procedure the trial court has no authority to dismiss an appeal on the ground that it is frivolous, and that this Court has the duty as well as the authority to review any unassigned error which in its opinion should be reviewed in the interest of justice under Article 40.09, Sec. 13, Vernon's Ann.C.C.P.

Since the assigned errors are frivolous and without merit, and there being no unassigned error that should be reviewed in the interest of justice, the judgment is affirmed.

ONION, Judge (concurring).

While I agree with the ultimate result reached I must disassociate myself with the approval by the majority of the trial judge's gratuitous finding that the appeal was frivolous and his action in permitting court appointed counsel to withdraw before the appeal even reached this Court. Such action by the trial court was not authorized by either Article 40.09, V.A.C.C.P., or by the decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. The approval of such action, not necessary to a proper disposition, will only lead the trial judges of this state to conclude that such procedure is proper, thus setting the stage for many subsequent out of time appeals. We should bend our efforts toward eliminating possible collateral attacks upon final convictions rather than creating a basis therefor. This being a case of first impression, I would quickly caution against the use of such procedure.

Our problem in dealing with appeals deemed frivolous by court appointed counsel is complicated by our rather unique appellate procedure provided by Article 40.09, supra, and the decision in Anders which obviously did not take such procedure into consideration.

The first stage of our appellate procedure takes place in the trial court where the appellant is required to assign his grounds of error. The trial court is given an opportunity to examine the completed record, briefs, and hear arguments and to grant a new trial if deemed necessary. Where a new trial is not granted, the trial court has no authority to dismiss or terminate an appeal on the ground that it is frivolous or on any other ground. The right of appeal cannot be so abridged. Any finding by the trial court that the appeal is frivolous is merely gratuitous regardless of whether the appellant is represented by retained or appointed counsel or by appointed counsel who believes that the appeal is wholly without merit. The trial court must honor the appeal regardless of what it thinks the merits of the case may be.

In discussing the duty of court appointed counsel on appeal the Supreme Court in Anders said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires

that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

Under our procedure and in light of Anders, it is clear that only the Court of Criminal Appeals may dismiss an appeal insofar as federal requirements are concerned or proceed to a decision on the merits under state law. It is then this Court, and this Court alone, which may decide, after a full examination of all the proceedings, whether the case is wholly frivolous and grant appointed appellate counsel's request to withdraw.

I suppose my concern stems in part from the fact that the majority has previously held that the requirements of Anders are met where appointed counsel fails to file an appellate brief in the trial court assigning grounds of error but merely files a brief (claiming the appeal is frivolous) in this Court without any showing that such brief was ever served on the indigent appellant. Sirls v. State, Tex.Cr.App., 432 S.W.2d 902. See also Pitts v. State, Tex.Cr.App., 442 S. W.2d 389. In my opinion such practice deprives the indigent appellant of counsel at

the first crucial stage of the Texas criminal appellate process and he suffers anew at the second stage of the appellate review before this Court for the failure to personally or through counsel assign grounds of error in the trial court. See this writer's dissent in Sirls v. State, supra, and concurring opinion in Pitts v. State, supra.

Now the majority seems to be saying that appointed counsel may also, with the trial court's approval of the frivolous nature of the appeal, abandon the case leaving the indigent appellant without counsel before this Court even obtains jurisdiction. See Phillips v. State, Tex.Cr.App., 429 S.W.2d 897.

"It is clear beyond question that indigents must be furnished counsel at *every critical stage* of the criminal proceedings, *including the first appeal.*" Byrd v. Smith, 5 Cir., 407 F.2d 363. (emphasis supplied). See also Douglas v. California, 372 U.S. 353, 83 S. Ct. 814, 9 L.Ed.2d 811. Is the majority saying that under the circumstances presented, the proceedings before this Court are not a critical stage of the criminal proceedings when it is the indigent appellant's first appeal, or that such appellate procedure does not involve criminal proceedings "where substantial rights of a criminal accused may be affected?" Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

The mere fact that this Court has the duty and authority to review any unassigned error which in its opinion should be reviewed "in the interest of justice" is no answer, in my opinion, to the right to counsel on appeal or the duty of such counsel.

I concur in the result because it appears the appointed counsel, until the time of his withdrawal, followed the suggested procedure set forth in Gainous v. State, Tex. App., 436 S.W.2d 137, and a review of the record convinces me that appellant's contentions, including his claim that his oral confession was inadmissible, are without merit. To abate this appeal under the particular circumstances presented, would be a useless

thing. This will not be true in every such case. In view of the facts presented, however, I concur in the result reached.

MORRISON, J., joins in this concurrence.