**Jerry Lee BATES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42818.**

Court of Criminal Appeals of Texas.

May 13, 1970.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery by assault; the punishment, enhanced under Art. 62 Vernon's Ann.P.C. by a prior conviction for felony theft, life.

Sentence was pronounced and notice of appeal was given on March 25, 1968.

Appellant was represented at his trial and on appeal by court appointed counsel and was furnished an appellate record including a transcript of the court reporter's notes, because of his indigency.

The record on appeal was approved on July 10, 1968, after notice by certified mail had been given on June 24, 1968, and no objections made.

Following numerous extensions of time for filing defendant's appellate brief, brief was filed in the trial court on November 14, 1969, by appellant's court appointed counsel on appeal as well as at his trial in which said counsel conceded that a close examination of the record reveals that the evidence is overwhelming as to the appellant's guilt, and after a conscientious examination of the entire record he was forced to conclude that there is absolutely nothing in the record that could arguably support the appeal and, in his opinion, the appeal is wholly frivolous and without merit.[1]

On December 15, 1969, the state's appellate brief was filed in the trial court submitting that a careful examination of the record establishes that appellant's counsel is correct in concluding that the appeal is frivolous, there being no legal points arguable on the merits.

A true copy of the state's appellate brief with copy of the brief filed by appellant's

---

1. Counsel for appellant concluded his brief with the prayer that the trial court accept his brief "as being in compliance with and pursuant to the decision in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493."

counsel attached was mailed by certified mail to appellant as well as to his counsel on December 15, 1969.

The appellate record and brief were filed in this court on January 16, 1970.

The trial court appears to have agreed, as do we, that the appeal is frivolous.

The judgment is affirmed.

ONION, Judge (dissenting).

Anders v. California, supra, prescribes the duties of court appointed counsel on appeal when he determines that the appeal is frivolous and without merit and imposes the same as a constitutional mandate on all state criminal proceedings.[1] Legal minds may differ on the necessity of the Anders' requirement to assure an effective appellate review to an indigent, but it is nevertheless the law of the land and should be applied in such manner as to eliminate possible collateral attacks upon final judgments rather than creating the basis therefor. This writer's views as to the application of Anders to our rather unique appellate procedure provided by Article 40.09, V.A.C.C.P., where the first stage of the appellate process takes place in the trial court, have been set forth in Gainous v. State, Tex.Cr.App., 436 S.W.2d 137; Garcia v. State, Tex.Cr.App., 436 S.W.2d 139; Wilson v. State, Tex.Cr.App., 445 S.W.2d 745 (concurring opinion); Houston v. State, Tex.Cr.App., 446 S.W.2d 309 (concurring opinion); Perry v. State, Tex.Cr.App., 447 S.W.2d 910; Sirls v. State, Tex.Cr.App., 432 S.W.2d 902 (dissenting opinion); Pitts v. State, Tex.Cr.App., 442 S.W.2d 389 (concurring opinion).

Where court appointed counsel on appeal has failed to file a brief on behalf of the appellant in either the trial court or this Court, this Court has not hesitated to abate the appeal in order that the appellant may not be denied an effective appellate review.

Under our appellate procedure the appellant must present his grounds of error in an appellate brief filed in the trial court in order to secure review by this Court. See Article 40.09, Sec. 9, V.A.C.C.P. If he does not, then this Court need not consider any unassigned error except "in the interest of justice." Article 40.09, Sec. 13, V.A.C.C.P. There can be no question that the first stage of our appellate procedure is a critical stage of the proceedings, and if an indigent appellant is deprived of the opportunity either through counsel or by himself to present his grounds of error to the trial court at this stage of the Texas appellate process to which Anders applies, he suffers anew at the second stage of appellate review for the failure to assign grounds of error in the trial court.

If appointed counsel determines the appeal is frivolous, it is at the first stage of the appellate procedure that Anders should be complied with and the appellant made aware of his right to file a pro se appellate

---

1. In discussing the duty of court appointed counsel on appeal the Supreme Court in Anders said:

"The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. * * * His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might argu-ably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

brief in the trial court in order to timely assign grounds of error. Appointed counsel should not only serve a copy of his brief on the appellant but should also advise the appellant of his rights in this regard, inform the trial court of his determination that the appeal is without merit and ask the court to make available to the appellant. the record, if requested, for the purpose of preparing such brief. It was for these reasons that the procedure in Gainous, supra, was recommended and the procedure in Price v. State, Tex.Cr.App., 449 S.W.2d 73, readily approved.

In the case at bar, despite numerous extensions of time for filing the appellate brief in the trial court, the court clerk eventually called the trial court's attention to the failure of appointed counsel to file an appellate brief in the trial court within the last extension of time. This action of the court clerk apparently followed the suggestion set forth in the concurring opinion in Wilson v. State, Tex.Cr.App., 445 S.W.2d 745. Shortly thereafter the appointed counsel within another extension of time filed a brief in the trial court contending that the appeal was wholly frivolous and without merit and conceding that the evidence was overwhelming as to the appellant's guilt and there was nothing in the record that could arguably support the appeal.[2] By such brief, no grounds of error were set forth. There is no showing that appointed counsel made any effort to furnish or serve a copy of such brief upon the appellant who was indigent and confined as a result of his life conviction. Nor is there any showing that appellant was informed by his counsel or by the court of his right to raise grounds of error by a pro se brief filed in the trial court in order that the same might be reviewed by this Court. See Article 40.09, Sec. 9, supra. Further, there is no showing that the record was ever made available to the appellant or that his counsel requested the

same be made available to him. See Perry v. State, supra. Recognizing the failure of appointed counsel to serve a copy of the brief upon the appellant, the State in its brief states that in order to comply with Anders and the recommended procedure in Gainous it was attaching a copy of appellant's counsel's brief to a copy of the State's brief and forwarding both to the confined appellant. The State's brief merely concurred in the conclusion of appellant's counsel that the appeal was frivolous. The brief was filed at the expiration of the time for filing such State's brief (where there is no extension granted) and after the expiration of the time for filing of the appellate brief (on behalf of the appellant). Nothing contained therein informed the appellant of any procedure that might be available to him in order to raise grounds of error. The record was subsequently forwarded to this Court upon the refusal of the trial court to grant a new trial by the omission of the court to take action upon the briefs. See Article 40.09, Sec. 12, supra.

I cannot agree that the procedure utilized complies with either Anders or Gainous. The appellant was not given an opportunity by his own efforts to raise any grounds of error in the trial court which would require review by this Court and any brief filed now after the record has been made available to him would require review by this Court only "in the interest of justice." See Article 40.09, Sec. 13, supra. I would abate this appeal until it has been shown that the appellant has been informed of his right to file his own pro se brief in the trial court, that the record has been made available to him, if requested, and for what other proceedings under the provisions of Article 40.09 the trial court deems necessary in order to afford this appellant an effective appellate review. This is a continuing problem for the trial judges of this state, and if a little effort was

---

2. It has been said that the appointed counsel should understand that he is not an amicus curiae nor brief the case against his client. Suggs v. United States, 129 U.S.App.D.C. 133, 391 F.2d 971.

made to follow the recommended procedure in Gainous, Price and Perry, etc., many questions such as this could be eliminated, many out of time appeals avoided, and the number of collateral attacks upon final judgments reduced.

For the reasons stated, I dissent.