**Danny Thomas LONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45327 and 45328.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 14, 1972.

———◆———

Wilson McPhail, Houston, for appellant.

Carol C. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These are appeals from orders revoking probation.

On December 23, 1970, the appellant entered pleas of guilty before the court to the offenses of burglary and felony theft. Punishment was assessed at 4 years in each case but imposition of the sentences was suspended and the appellant was placed on probation. Among the conditions of probation was the requirement that he "(A) commit no offense against the laws of this or any other state or the United States."

On May 5, 1971, the State filed an amended motion to revoke probation alleging, among other grounds, that the appellant had committed the offense of felony theft on or about February 9, 1971.

On May 10, 1971, following a hearing, the court revoked probation in both cases based upon the commission of a penal offense during the period of probation.

Appellant's court-appointed counsel on appeal, who also represented the appellant at the revocation hearing, filed a brief in the trial court in which he concluded the appeals are wholly without merit. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr. App.1969), and Houston v. State, 446 S.W.2d 309 (Tex.Cr.App.1969), counsel has advanced three contentions that might arguably support the appeal and served a copy of such brief on the appellant. No pro se brief has been filed.

An examination of the record convinces us that the appeals are wholly without merit and that the contentions advanced do not call for a reversal of the orders revoking probation. A discussion of these contentions would not benefit the jurisprudence of this state.

The judgments are affirmed.