**Charles Norman ADAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45662.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Ray Montgomery, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack Bodiford, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The conviction was for robbery by assault with the punishment being assessed at 10 years.

On August 27, 1971, the appellant Adams, who had been jointly indicted with Jody Lee Wharton, was granted a severance. On the same date, he entered a plea of guilty before the court after waiving trial by jury. He was duly admonished of the consequences of his plea before the plea was accepted by the court.

The evidence was stipulated in accordance with Article 1.15, Vernon's Ann.C.C.P. Included in the written stipulations, which were introduced into evidence, was a written sworn "judicial confession."

**862**

On the same date, after the entry of judgment, the appellant waived the time in which to file a motion for new trial or in arrest of judgment and was sentenced. No notice of appeal was given.

Subsequently, he was permitted to give belated notice of appeal on October 8, 1971. See Article 44.08(e), Vernon's Ann. C.C.P.

Appellant's appointed counsel, who also represented him at the trial, filed a brief in which he determined that the appeal was wholly frivolous. Aware of his duties under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and the procedure recommended in Gainous v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), he urges one ground of error that might arguably support the appeal. He contends the trial court, at the hearing to determine if belated notice of appeal should be permitted, " . . . should have allowed the Defendant to testify as to his reason or reasons for wanting a Motion for New Trial and his reasons for demanding that he be returned to the State of California. . . ."

The record reflects that a copy of the brief was served upon the appellant, and that, subsequently, the record on appeal was made available to the appellant without time limitation for the purpose of filing a pro se brief. The appellant refused and stated he wanted to be furnished a copy of the record in lieu of examining the appellate record in the sheriff's office.

No pro se brief has been filed.

It appears there was compliance with the procedure required by *Anders* and *Gainous. Cf.* Garcia v. State, 436 S.W.2d 139 (Tex. Cr.App.1969); Price v. State, 449 S.W.2d 73 (Tex.Cr.App.1969); Perry v. State, 447 S.W.2d 910 (Tex.Cr.App.1969). See, also, Wilson v. State, 445 S.W.2d 745 (Tex.Cr. App.1969, concurring opinion); Houston v. State, 446 S.W.2d 309 (Tex.Cr.App.1969, concurring opinion); Pitts v. State, 442 S.W.2d 389 (Tex.Cr.App.1969, concurring opinion); DeGay v. State, 455 S.W.2d 205 (Tex.Cr.App.1970).

The judgment is affirmed.

ROBERTS, J., not participating.