Tex.Cr.App., 460 S.W.2d 428 and Manning v. State, Tex.Cr.App., 412 S.W.2d 656, respectively.

Finding no abuse of discretion, the judgment is affirmed.

**Walter Josh MANN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45876.**

Court of Criminal Appeals of Texas.

Oct. 11, 1972.

**556**

No attorney on appeal for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is from an order revoking probation.

On September 30, 1968, appellant entered a plea of guilty before the court to the offense of felony theft and his punishment was assessed at 5 years. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions of probation. On August 31, 1971, the State filed its motion to revoke alleging violations of appellant's probationary conditions. A hearing on such motion was conducted on November 9, 1971, at the conclusion of which the court revoked probation. Sentence was imposed and notice of appeal was given by the appellant and his court-appointed counsel whose appointment was continued for the purpose of appeal. On November 9, 1971, the appellant filed a pauper's oath requesting preparation of the appellate record.

The record on appeal was approved on April 11, 1972 and filed in this court on June 22, 1972.

No appellate brief appears to have been filed in the trial court. See Article 40.09 § 9, Vernon's Ann.C.C.P.

Our State's Attorney, taking note of the appellant's indigency and the condition of the record, has filed his motion to abate the appeal.

So that this indigent appellant will not be deprived of the effective assistance of counsel on appeal and an adequate appellate review, this appeal will be abated to allow the filing of a brief in the trial court on appellant's behalf and for such other proceedings as may be conducted in the trial court to provide appellant with the effective aid of counsel on appeal. See Garza v. State, 433 S.W.2d 428 (Tex.Cr.App. 1968), and cases there cited; Martin v. State, 441 S.W.2d 535 (Tex.Cr.App.1969); Jackson v. State, 447 S.W.2d 922 (Tex.Cr. App.1969). *Cf.* Steel v. State, 453 S.W.2d 486 (Tex.Cr.App.1970).

The State's motion to abate the appeal is granted.

It is so ordered.