**VACATE and DISMISS and Opinion Filed March 23 , 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00651-CV**

**IN RE THE COMMITMENT OF JOHN THOMAS ANDERSON**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CV1570001**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

This appeal challenges the trial court's June 10, 2016 judgment determining appellant, previously convicted of two felony aggravated sexual assault offenses and sentenced to imprisonment, to be a sexually violent predator ("SVP") and civilly committing him for treatment. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.062, 841.081. It is the second appeal from the 2016 judgment. The first appeal was filed in September 2016, but was dismissed as untimely. *See In re the Commitment of Anderson*, No. 05-16-01189-CV, 2016 WL 7448346, *1 (Tex. App.—Dallas Oct. 27, 2016, no pet.) (mem. op.). This appeal was filed in June 2022, after the criminal district court granted an out-of-time appeal on appellant's application for writ of

habeas corpus.[1]  Because the criminal district court did not have the authority to grant an out-of-time appeal from the judgment being challenged, we vacate as void the order granting the writ application and dismiss the application.  *See Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

It is well-settled that the timely filing of a notice of appeal is jurisdictional. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g). While out-of-time appeals are allowed in criminal cases and district courts are allowed to grant them, out of-time appeals have not been recognized in civil cases.  *See Phillips v. State*, 429 S.W.2d 897, 899 (Tex. Crim. App. 1968) (recognizing out-of-time appeals in criminal cases); *Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 558 (Tex. Crim. App. 1989) (holding district court had jurisdiction of habeas application and authority to grant out-of-time appeal in criminal case).  In civil cases, as provided by Texas Rule of Appellate Procedure 26.1, a notice of appeal is due within thirty days of judgment unless a request for findings of fact and conclusions of law or motion for new trial or to modify judgment is timely filed, in which case the notice

---

[1] The criminal district court was the convicting court and, as the convicting court, had jurisdiction over the civil SVP proceeding.  *See* TEX. HEALTH & SAFETY CODE ANN. § 841.041(c).  It appears the court granted appellant's writ application, which alleged ineffective assistance of counsel in connection with the untimely appeal, under article V, section 8 of the Texas Constitution. *See* TEX. CONST. Art. 5, §8 ("District Court judges shall have the power to issue writs necessary to enforce their jurisdiction."); *Ex parte Valle*, 104 S.W.3d 888, 890 (Tex. Crim. App. 2003) (noting that article V, section 8 gives district courts plenary power to issue habeas corpus writs).

of appeal is due within ninety days of judgment. *See* TEX. R. APP. P. 26.1, 26.1(a).

Under appellate rule 26.3, an appellate court has the authority to grant an extension

motion if the notice of appeal is filed within fifteen days of the deadline and a

reasonable explanation for the late filing is provided. *See id.* 10.5(b), 26.3; *Verburgt*

*v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). However, "once the period for

granting a motion for extension of time . . . has passed, a party can no longer invoke

the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617 (referencing former

appellate rule 41(a)(2), predecessor to rule 26.3).

At our direction, the parties filed letter briefs addressing our jurisdiction over

the appeal. Appellee agrees we lack jurisdiction, but appellant disputes that out-of-

time appeals are not allowed in civil cases. In support, he cites to two civil cases,

both juvenile delinquency cases, where the opinions reflect out-of-time appeals were

granted. The first case, *In re E.C.D.*, No. 04-05-00391-CV, 2007 WL 516137 (Tex.

App.—San Antonio Feb. 21, 2007, no pet.) (mem. op.), was an appeal from an

adjudication of delinquent conduct based on a murder finding. The opinion is silent

as to the authority and reasons for an out of-time appeal being granted, stating only

that "E.C.D. requested, and was granted, an out-of-time appeal." *E.C.D.*, 2007 WL

516137, at *1. The second case, *In re L.R.*, No. 08-01-00095–CV, 2001 WL 495900

(Tex. App—El Paso May 10, 2001, order) (per curiam), was an appeal from an order

modifying disposition. The opinion recites the court granted a "motion to file an

out-of-time appeal" but also reflects the appeal was filed within the applicable

timeframe provided under appellate rule 26.1 and was timely. *See id.* at *1-2; *see also* TEX. R. APP. P. 26.1(a).

Although appellant cites these two cases in support of his argument that out-of-time appeals are allowed in civil cases, we find neither one helpful to him. *L.R.* is not on point since the appeal was timely filed. And, *E.C.D.*, having provided no reasoning or analysis, constitutes no authority on the issue.

The only authority allowing a notice of appeal to be filed beyond the timeframe provided by appellate rule 26.1 is appellate rule 26.3, and the only court that may allow an appeal to proceed under rule 26.3 is an appellate court. *See* TEX. R. APP. P. 26.3; *see also Verburgt*, 959 S.W.2d at 617. Accordingly, the criminal district court lacked jurisdiction to grant an out-of-time appeal in this case, and the order granting the writ application is void. *See In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020) (judgment is void when court rendering judgment lacked jurisdiction to enter that particular judgment).

When, as here, the trial court lacked jurisdiction to render judgment, we must vacate the judgment and dismiss the cause. *See Funds Recovery*, 887 S.W2d at 468. We therefore vacate the order granting the writ application and dismiss the application. *See id.*

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

220651F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

IN RE THE COMMITMENT OF
JOHN THOMAS ANDERSON

No. 05-22-00651-CV

On Appeal from the Criminal District
Court No. 5, Dallas County, Texas
Trial Court Cause No. CV1570001.
Opinion delivered by Chief Justice
Burns, Justices Molberg and
Goldstein participating.

In accordance with this Court's opinion of this date, we **VACATE** the June 7, 2022 amended trial court's findings of fact and conclusions of law and order on applicant's application for writ of habeas corpus and **DISMISS** the April 12, 2021 original application for writ of habeas corpus seeking an out-of-time appeal of the judgment of civil commitment as a sexual predator.

Judgment entered March 23, 2023.