**Julian Blanco RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42558.**

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

Melvin A. Krenek, San Antonio, by appointment, for appellant.

James E. Barlow, Dist. Atty., Charles D. Butts and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

The offense is possession of heroin; the punishment, nine years.

The record reflects that the appellant was separately indicted for the offense of possession of heroin and for the possession of narcotics paraphernalia with enhancement paragraphs under Art. 62, supra, in each indictment. The court, on the state's motion, dismissed the enhancement paragraphs in each case after which the appellant entered pleas of guilty and was sentenced to 9 years for possession of heroin and 6 years for possession of narcotics paraphernalia with the sentences to run concurrently, and the appellant was given full credit for his jail time.

The appellant, represented by court-appointed counsel, pled guilty before the court

after the waiver of a jury in accordance with Art. 1.13, Vernon's Ann.C.C.P., and after an enhancement paragraph under Art. 62, Vernon's Ann.P.C., was dismissed. The court fully advised the appellant of his constitutional rights and admonished him as to the consequences of his plea. After the court advised the appellant of his rights of confrontation and cross-examination, he waived those rights in writing, and with his attorney stipulated in writing and in open court that he judicially confesses "that on September 5, 1968, he did unlawfully possess a narcotic drug, to wit: Heroin." The appellant then took the stand and testified that he was guilty, as charged, of the possession of heroin on September 5, 1968. Judgment was rendered and entered on February 25, 1969; the appellant then waived his 10 days to file a motion for new trial, and the court pronounced sentence against the appellant. On February 25, 1969, the appellant gave notice of appeal and requested that the court appoint counsel to represent the appellant on appeal.

Appellant's court-appointed counsel (who also represented the appellant at the trial) in his brief concedes that the appellant's appeal is wholly frivolous and after delivering a copy of his brief to the appellant at the Bexar County jail requested permission to withdraw which was refused.

The appellant requested his attorney to raise grounds of error attacking the validity of the search warrant and contending that the state's motion to drop the enhancement paragraph of the indictment and the subsequent lining out of that paragraph constituted an amendment of substance in the indictment. In a pro se supplemental brief, the appellant contends that he was represented by ineffective counsel in that the appellant's counsel failed to pursue the issue of whether the search warrant and the affidavit supporting it are valid.

■ Robinson v. State, Tex.Cr.App., 415 S.W.2d 180, held that a dismissal of the enhancement portion of the indictment is not an amendment or alteration of the indictment as to a matter of substance.

Counsel for the appellant in a motion to suppress attacked the validity of the search warrant and sought to suppress the fruits of the search. After the court denied the motion, the appellant indicated he desired to plead not guilty and to have a jury trial, but he changed his mind and decided to enter a plea of guilty.

On September 19, 1969, the trial court held a hearing on the trial briefs filed by the appellant and his counsel. The court found that the appellant's court-appointed counsel competently and conscientiously represented the appellant and was reasonably justified in concluding that there are no arguable grounds of error to be raised on appeal.

■ A review of the record reveals that counsel for the appellant conscientiously and adequately protected the appellant's constitutional rights, and the proceedings surrounding the appellant's plea of guilty are in accord with Arts. 1.13 and 1.15, V.A.C.C.P. We concur with counsel and the trial court that the appeal is frivolous.

The judgment is affirmed.