**Frank W. DEGAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43011.**

Court of Criminal Appeals of Texas

June 10, 1970.

S. Benton Davies, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio, Tex., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, 10 years' confinement in the Texas Department of Corrections.

On August 13, 1969, when this cause was called for trial the State waived and abandoned the second and third paragraphs of the indictment alleging prior non-capital felony convictions for the purpose of enhancement. The careful trial judge inquired of the appellant and his counsel if they had objections to such waiver and received a negative answer. The appellant personally answered "No objection, Your Honor."

Thereafter the appellant entered a plea of guilty to the primary offense, waived trial by jury and was duly admonished by the court as to the consequences of his plea before such plea was accepted by the court. The admonishment was as thorough as this writer has ever had occasion to witness.

Thereafter the appellant and counsel entered in a "Written Waiver and Consent to Stipulation of Testimony and Stipulations" in accordance with Article 1.15, Vernon's Ann.C.C.P. In such instrument the appellant waived his privilege against self incrimination, the right of confrontation and right of cross-examination of Ruben Mata, the complaining witness, and of certain other named witnesses "as well as any other witness that might be called by the State." The appellant in such instrument agreed to the introduction of affidavits, written statements of witnesses and other documentary evidence which was attached to the above described instrument and marked State's Exhibit Nos. 2–6 and further agreed that such stipulations were to be considered as a part of the statement of facts and that the stipulated evidence was "true and correct." Included as an exhibit was the written statement of the complaining witness Mata detailing the alleged robbery and identifying the appellant as one of his assailants.

In such instrument the appellant also stipulated he was the identical person referred to in the attached exhibits and stipulated evidence and agreed to the further stipulation:

"The defendant and his attorney and the State's attorney agree, admit and stipulate and the defendant *judicially confesses* that on the 10th day of July, 1968, did unlawfully make an assault upon Ruben Mata and without the consent of Ruben Mata take from his possession lawful money of the United States of America and the defendant admits he is guilty as charged in the indictment." (emphasis supplied)

Still further, the appellant stipulated he was the identical person named in the indictment "and that all the acts and allegations in the said indictment charging the offense of robbery by assault are true and correct and that the acts therein alleged occurred in Bexar County, Texas."

Such instrument and stipulations were *sworn* to before the clerk by the appellant personally, joined in by the State and appellant's counsel and approved by the court and filed among the papers of the cause. Thereafter such instrument and stipulations and sworn admissions of the appellant were offered into evidence at which time the court inquired if the appellant had either read or had read to him "the entire document together with the statements attached thereto?" The appellant replied "I have, Your Honor" and also assured the court that the stipulations and admissions contained therein were freely and voluntarily given, after he had been advised of his rights. The instrument and stipulations were then received into evidence without objection.

Appellant's court appointed counsel on appeal determined that the appeal was frivolous and without merit, but aware of the requirements of Anders v. California, *386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d*

493, under such circumstances, filed a brief pointing out those matters "that might arguably support the appeal." See Gainous v. State, Tex.Cr.App., 436 S.W.2d 137; Garcia v. State, Tex.Cr.App., 436 S.W.2d 139; Price v. State, Tex.Cr.App., 449 S.W.2d 73; Perry v. State, Tex.Cr. App., 447 S.W.2d 910. Cf. Wilson v. State, Tex.Cr.App., 445 S.W.2d 745 (concurring opinion); Houston v. State, Tex. Cr.App., 446 S.W.2d 309 (concurring opinion); Pitts v. State, Tex.Cr.App., 442 S. W.2d 389 (concurring opinion); Sirls v. State, Tex.Cr.App., 432 S.W.2d 902 (dissenting opinion); Bates v. State, Tex.Cr. App., 456 S.W.2d 107 (dissenting opinion). It is obvious from such brief filed in the trial court in accordance with Article 40.09, Sec. 9, that counsel had advised the appellant of his position that the appeal was frivolous for he incorporated several grounds appellant had personally suggested.

Thereafter the careful trial judge called the appellant into open court and determined that he had been served with a copy of counsel's brief, and then made available· to him, upon request, the appellate record in order that he might file an additional brief.

Subsequently, the judge again called the appellant into open court, determined he had an opportunity to examine the record and had prepared a pro se brief, ordered the same filed in the presence of the appellant and forwarded to this Court with the appellate record.

After a full examination of the record we are in accord with appellant's counsel that the appeal is frivolous and without merit.

As to appellant's personally raised grounds of error, we find no error in the amendment of the indictment by the State's waiver of the second and third paragraphs thereof alleging prior convictions for enhancement. Robinson v. State, Tex.Cr. App., 415 S.W.2d 180; Rodriguez v. State, Tex.Cr.App., 449 S.W.2d 469. Further, the action taken was with appellant's express consent.

In view of the stipulations and "judicial confession" there is no merit to the claim of insufficient evidence to support the plea of guilty. Serious consideration cannot be given to appellant's claim that the State suppressed evidence as to size and description of the alleged robbers contained in a police report which was, in fact, marked as one of the exhibits and introduced into evidence under the circumstances described above.

The record does not support appellant's remaining grounds of error.

The judgment is affirmed.