**Frank W. DEGAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43012.**

Court of Criminal Appeals of Texas.

June 10, 1970.

S. Benton Davies, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles Butts, and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, 10 years.

This appellant is the same appellant as in Degay v. State, Tex.Cr.App., 455 S.W. 2d 205 this day decided.

On August 13, 1969, the State waived and abandoned the second and third paragraphs alleging prior convictions for enhancement to which action the appellant and his appointed counsel expressly stated they had no objection. The court then permitted such amendment of the indictment.

Thereafter the appellant waived trial by jury, entered a plea of guilty before the court to the primary offense and was duly admonished of the consequences of his plea before such plea was accepted.

The evidence offered to support the plea of guilty was done exactly as described in detail in Degay v. State, supra, and need not here be repeated.

Appointed counsel on appeal determined that this appeal also was frivolous and without merit and followed the careful procedure described in Degay v. State, supra, and the court made available to the appellant the record on appeal in the same manner as in that case. Appellant's pro se brief filed in the trial court is before us.

After full examination of the record we are convinced that appellant's counsel's evaluation of the record is correct. We shall, however, examine the grounds of error set forth in the pro se brief.

■ There was no error in the State's waiver of the prior convictions alleged in the indictment for enhancement. Degay v. State, supra; Robinson v. State, Tex. Cr.App., 415 S.W.2d 180; Rodriguez v. State, Tex.Cr.App., 449 S.W.2d 469.

The record reflects that several months prior to trial the appellant executed a written waiver of arraignment in open court stating therein he had read the indictment, understood the charge, and had had the same explained to him by counsel. The "Written Waiver and Consent to Stipulation of Testimony and Stipulations," introduced at the time of his trial on appellant's plea, also reflects the indictment was read to him and that he fully understood the same.

There is no merit to appellant's contention raised for the first time in his motion for new trial that he was not served with a copy of the indictment. It was undisputed that appellant was on bond at the indictment's presentment and at the time of arraignment and nothing in the record supports his claim that he wrote a letter requesting a copy. In Milligan v. State, 168 Tex.Cr.R. 202, 324 S.W.2d 864, this Court stated:

"Having pleaded to the indictment without making any objection to the fact that he had not been served with a copy of the indictment, appellant's complaint after judgment, in his motion for new trial, to such failure came too late." See 1 Branch's Ann.P.C., 2d ed., Sec. 536, p. 514.

In view of the stipulations entered in accordance with Article 1.15, Vernon's Ann.C.C.P., showing that appellant was caught in a closed food store at night by police, entry having been obtained by making a hole in the roof, and including the

written statement of the complaining witness and the "judicial confession" of the appellant the evidence is sufficient to support the verdict.

 And there is no merit to appellant's next contention that proof did not support the allegations since the proof showed the building entered was a "supermarket" and the indictment alleged a "house." Article 1395, V.A.P.C.; 4 Branch's Ann.P.C., 2d. ed., Sec. 2533, p. 859.

Appellant's remaining grounds of error are also without merit.

The judgment is affirmed.