Robert L. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45068.

Court of Criminal Appeals of Texas.

March 1, 1972.

Lawrence M. Hamilton, San Antonio (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Bill Harris and George Anderson, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of marihuana where the punishment was assessed at 20 years.

Appellant contends that the trial judge did not properly assess punishment in that he followed the recommendation of the prosecuting attorney rather than his own review of the facts and his own reflections.

The indictment, in addition to allegations as to the primary offense, also alleged two prior burglary convictions for enhancement.

On October 12, 1970, the State, with the court's consent, waived and abandoned that portion of the indictment relating to the prior convictions. On the same date appellant waived trial by jury and entered a plea of guilty to the primary offense of possession of marihuana. He was duly admonished by the court of the consequences of his plea.

Written stipulations were entered into in the same manner and using the same forms as those described in some detail in Degay v. State, 455 S.W.2d 205 (Tex.Cr.App. 1970).

After finding the appellant guilty, the trial judge asked for the State's recommendation as to punishment and a 20 year penalty was recommended.

The record then reflects the following:

"THE COURT: What is the situation in regard to his record, that is pretty heavy for this offense.

"MR. ARMSTRONG (Assistant District Attorney): Well, Judge, the defendant has three prior felonies for which he had been in the penitentiary."

No objection was made to the prosecutor's statement and neither the State nor appellant offered any other statement or evidence as to the "prior criminal record" etc. of the appellant. See Article 37.07, Sec. 3(a), Vernon's Ann.C.C.P.

The trial judge then assessed the punishment at 20 years.

At the hearing on the motion for new trial, appellant testified he had been represented by retained counsel at the time of the plea, that his counsel had informed him the State would abandon the enhancement portion of the indictment and recommend a 20 year penalty if a guilty plea was entered, that counsel also expressed the opinion he would receive an automatic life sentence if he didn't plead guilty, that his relatives and friends with whom he conferred "were crying" and urging him to take the 20 years, that he pled guilty to escape the penalty of life imprisonment.

He acknowledged that he told the trial judge that no promises had been made to him and that he was pleading guilty because he was guilty.

His trial counsel, no longer representing him, testified at such hearing relating in detail his efforts in behalf of the appellant, the fact there had been an examining trial, his advice to enter a plea of guilty, his explanation of appellant's rights and the stipulations, etc.

Under the circumstances we perceive no error. The appellant well knew the nature of the plea bargain. "Disposition of charges after plea discussions is not only an essential part of the process but a highly desirable part for many reasons." Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L.Ed.2d 427. Unlike Santobello, the plea bargain here was kept. The penalty was within the limits prescribed by the statute (Article 725b, Sec. 25, Vernon's Ann.P.C.) and does not constitute cruel and unusual punishment. Sonderup v. State, 418 S.W.2d 807 (Tex.Cr.App.1967).

The fact that the trial judge followed the recommendation of the State presents no error.

The judgment is affirmed.