# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00569-CR

**Harry Dane Drew, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
## NO. 54,166, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Harry Dane Drew appeals his felony conviction for operating a motor vehicle in a public place while intoxicated, subsequent offense. *See* Tex. Pen. Code Ann. §§ 49.04, 49.09(b) (West 2003).[1] The indictment alleged three prior convictions for driving while intoxicated. Appellant waived trial by jury, and without a plea bargain agreement, entered a plea of guilty to the offense alleged, and a plea of "true" to the allegations of prior convictions. The trial court assessed punishment at five years' imprisonment.

---

[1] Despite the heading or label on the statutes, the body of the statutes themselves refers to "operating" rather than "driving" a motor vehicle in a public place while intoxicated. *See* Tex. Pen. Code Ann. §§ 49.04, 49.09(b) (West 2003). The terms "driving while intoxicated" and "DWI" are still commonly used, but are no longer accurate.

**Point of Error**

In a sole point of error, appellant advances the contention that the "trial court erred in its failure to consider appellant's alcoholism and the evidence of an alternative form of punishment when it sentenced appellant to a term of imprisonment and not a substance abuse program."

**Background**

On September 11, 2003, appellant entered his pleas in a bench trial while represented by counsel. Appellant was duly admonished by the trial court of the consequences of his pleas including the applicable range of punishment. The pleas were accepted after the trial court determined that the pleas were freely and voluntarily made. Appellant's judicial confession was introduced into evidence to support any judgment to be entered. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2004). At this point in the unitary trial, *see Barfield v. State*, 63 S.W.3d 446, 450-511 (Tex. Crim. App. 2001), the trial court withheld any ruling until it read the presentence investigative report earlier prepared at appellant's request. Without a break in the trial, the trial court then announced that it would allow evidence on punishment. The presentence investigative report showed that appellant had been convicted six times of driving while intoxicated, the first being in 1982. Appellant had also been convicted of driving while license suspended, resisting arrest, "criminal attempt," and unlawfully carrying a weapon. Several other charges had been dismissed. After the trial court indicated it had read the presentence investigative report, the State declined to offer further effort. Appellant's counsel called the trial court's attention to a letter in the presentence

report that appellant had been accepted into a veteran administration's outpatient substance abuse program for alcoholism and the treatment of other medical conditions.

Thereafter, the trial court imposed a five years' imprisonment sentence on appellant. The record then reflects:

| | |
|---|---|
| Mr. Harris [defense counsel]: | Your Honor, the Court will not consider the VA program at all? |
| The Court: | I'm not even going to send him to S.A.F.P.F. He needs to go to the big prison in Huntsville. |

## Discussion

In support of his point of error, appellant simply cites article 1.09 for the proposition that cruel and unusual punishment is forbidden. *See* Tex. Code Crim. Proc. Ann. art. 1.09 (West 1977). No constitutional authorities are cited. *See* U.S. Const. Amend. VIII; Tex. Const. art. I, § 13. In order to preserve error for appellate review, there must be a timely, specific trial objection. *See* Tex. R. App. P. 33.1; *DeBlanc v. State*, 799 S.W.2d 701, 718 (Tex. Crim. App. 1990). Even constitutional error may be waived by the failure to object. *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd). Appellant did not raise the issue of the severity of the punishment at trial by objection or by motion for new trial. *See Chapman v. State*, 859 S.W.2d 509, 515 (Tex. App.—Houston [1st Dist.] 1995, *reversed on other grounds*, 921 S.W.2d 694 (Tex. Crim. App. 1996); *Quintana*, 777 S.W.2d at 479. Moreover, a legal theory advanced on appeal must normally comport with a trial objection. *See Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990). Still further, as the

State points out, appellant's brief, cites only "article 1.9." Without the citation of other authorities or any supporting argument, it does not comply with our briefing rules. Nothing is presented for review. *See* Tex. R. App. P. 38.1(h); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000); *McDuff v. State*, 939 S.W.2d 607, 621 (Tex. Crim. App. 1997).

The trial court assessed appellant's punishment at five years' imprisonment within the range of penalties for the third degree felony charged and proven. *See* Tex. Pen. Code Ann. § 49.09(b)(2) (West 2003). A third degree felony offense carries a penalty of not more than ten nor less than two years' imprisonment and a possible fine not to exceed $10,000. *See* Tex. Pen. Code Ann. § 12.34 (West 2003). Assessment of punishment is not excessive nor is it cruel and unusual punishment where the penalty assessed is within the statutory limits or range of punishment set by the Legislature for the offense involved regardless of mitigating circumstances. *See Poe v. State*, 513 S.W.2d 545, 548 (Tex. Crim. App. 1974); *Williams v. State*, 476 S.W.2d 674, 675 (Tex. Crim. App. 1972); *see also Rummel v. Estelle*, 445 U.S. 263, 285-86 (1980); *McNew v. State*, 608 S.W.2d 166, 174 (Tex. Crim. App. 1978); *Cantu v. State*, 546 S.W.2d 621, 623 (Tex. Crim. App. 1977). It cannot be said that the punishment assessed here was excessive or that it was a cruel and unusual punishment.

The record reflects that the presentence investigative report, requested by appellant, was read by the trial court and was before the court when sentence was imposed. Obviously, this report established appellant's alcoholism over a twenty-year period resulting in a number of alcohol related offenses and convictions. There is nothing in the record to reflect that the trial court was

unaware of appellant's alcoholism and did not consider it.[2] In fact, the contrary appears. No motion for community supervision or probation was filed nor was appellant's eligibility therefor established.[3] Appellant has failed to point out what alternative form of punishment was available to the trial court.

Appellant's point of error is without merit. It is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, B. A. Smith and Onion[*]

Affirmed

Filed: April 29, 2004

Do Not Publish

_____

[*] Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).

_____

[2] Appellant did not file a motion for new trial. Tex. R. App. P. 21.2. A motion for new trial is necessary to adduce facts not in the record. *Id.*

[3] The presentence investigative report in this record shows that appellant had been previously granted community supervision three times, two of which grants resulted in revocation of community supervision.