# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00096-CR

**Walter Lee Scott, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 73759, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Walter Lee Scott, Jr., was charged with assaulting Kassandra Holt, who was a member of Scott's family or household, "by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of . . . Holt by applying pressure to [her] throat or neck." *See* Tex. Penal Code § 22.01(a) (setting out elements of offense of assault), (b)(2)(B) (elevating offense level from class A misdemeanor to third-degree felony if certain elements are met). In an open plea, Scott pleaded guilty to the charges and signed a judicial confession as part of his plea paperwork. After accepting Scott's plea and finding Scott guilty of the offense, the district court sentenced Scott to five years' imprisonment and ordered him to pay $50 in restitution. *See id.* § 12.34 (setting out permissible punishment range for third-degree felony); Tex. Code Crim. Proc. art. 42.037(a) (authorizing imposition of restitution). In four issues on appeal, Scott contends that the evidence supporting his guilt was insufficient, that there is no factual basis supporting the restitution order,

and that the judgment should be corrected to reflect that he did not plead guilty under the terms of a plea bargain. We will modify the district court's judgment and affirm the district court's judgment of conviction as modified.

## DISCUSSION

### Sufficiency of the Evidence

In his first issue on appeal, Scott asserts that the district court erred by accepting his guilty plea because the evidence presented by the State in support of the plea "was insufficient to satisfy article 1.15 of the Code of Criminal Procedure." Specifically, he contends that the written judicial confession that he signed was insufficient to support his plea. In his second issue, Scott contends that even if the evidence introduced during the sentencing phase could "be used to satisfy article 1.15, the evidence failed to establish that he committed the charged offense."

When presenting his second issue on appeal, Scott acknowledges that he testified during the punishment hearing regarding the incident and that courts have held that evidence produced during the punishment hearing can be considered when determining if a guilty plea is properly supported. *See Brooks v. State*, Nos. 03-13-00251–00254-CR, 2014 WL 2918000, at \*3 (Tex. App.—Austin June 19, 2014, no pet.) (mem. op., not designated for publication) (noting that courts may consider evidence introduced during punishment phase to see if plea is supported); *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining that "[e]vidence adduced at a sentencing hearing may also suffice to substantiate a guilty plea"); *Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (rejecting argument that evidence of guilt must be presented during "guilt/innocence phase" and providing that

2

"article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase"); *cf. Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) (explaining that after defendant enters guilty plea, proceeding "becomes a 'unitary trial' to determine the remaining issue of punishment" (quoting *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex. Crim. App. 1982) (op. on reh'g))). However, he insists that the testimony produced during the hearing was insufficient because he did not identify Holt as the victim, state that she was a member of his household, describe any bodily injury that she may have suffered, or specify that he impeded her breathing or circulation.

Ultimately, we determine that the judicial confession provided sufficient evidence to support Scott's conviction. Accordingly, we need not address Scott's second issue on appeal challenging whether there was sufficient evidence produced at the punishment hearing to support his conviction. *See Weatherspoon v. State*, No. 03-15-00237-CR, 2016 WL 3919673, at *3 n.5 (Tex. App.—Austin July 15, 2016, no pet. h.) (mem. op., not designated for publication). However, we do note that during the sentencing hearing, Scott stated that he "accept[ed] full responsibility for [his] actions" and that he wanted to apologize to "the victim and the Court." Further, he agreed that wrapping a belt around a woman's throat was "a particularly violent assault," and he related that he had "no good reason" for why he would "wrap a belt around another human being's neck."

Regarding Scott's first issue, we note that article 1.15 of the Code of Criminal Procedure imposes a procedural safeguard before a trial court may render a conviction based on a guilty plea. Tex. Code Crim. Proc. art. 1.15; *see Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Specifically, the provision prohibits a court from "render[ing] a conviction in a felony case" unless evidence was presented supporting the defendant's guilt even when a defendant

3

enters a plea of guilty. *Menefee*, 287 S.W.3d at 13. "The evidence does not have to establish the defendant's guilt beyond a reasonable doubt but must embrace every element of the offense charged." *Jones*, 373 S.W.3d at 793; *see also Menefee*, 287 S.W.3d at 13-14 (discussing types of evidence that may be considered). "A deficiency in one form of proof may be compensated for by other competent evidence in the record." *Jones*, 373 S.W.3d at 793. A judicial confession can satisfy the requirements of article 1.15 if it embraces all of the elements of the charged offense. *See Menefee*, 287 S.W.3d at 13.

As set out above, Scott was charged with assaulting Holt. Subsection 22.01(a)(1) of the Penal Code specifies that a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code § 22.01(a)(1). Further, subsection 22.01(b)(2)(B) elevates the offense level if the person causes injury to someone whose relationship with the person is governed by provisions of the Family Code and if "the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the [victim] by applying pressure to the [victim]'s throat or neck or by blocking the [victim]'s nose or mouth." *Id.* § 22.01(b)(2)(B). Consistent with those provisions, the information in this case alleged that Scott "did then and there intentionally, knowingly, and recklessly cause bodily injury to Kassandra Holt, a member of the defendant's family OR member of the defendant's household, by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the said Kassandra Holt by applying pressure to the throat or neck of the said Kassandra Holt."

During the plea hearing, Scott pleaded guilty to the charged offense. Furthermore, as part of entering his plea, Scott signed a judicial confession that stated that he had read the

4

information "in this case," that he "committed each and every act alleged," and that "[a]ll facts alleged in the . . . information are true and correct." The district court took judicial notice of the judicial confession during the plea hearing, and Scott stated that he had "[n]o objection" when the State asked the district court to take juridical notice.[1]

When challenging the sufficiency of the evidence in his first issue, Scott acknowledges that he signed a judicial confession, but he insists that the confession was insufficient because it was not sworn and because there was no jurat showing that he had made the confession while under oath. Furthermore, Scott contends that by entering a guilty plea, he effectively became a witness against himself and that, therefore, his judicial confession must have been made while under oath in order to serve as competent evidence. *Cf. Alexander v. State*, No. 03-95-00362-CR, 1997 WL 45127, at *5 (Tex. App.—Austin Feb. 6, 1997, pet. ref'd) (stating that, in general,

---

[1] On appeal, Scott asserts that the district court's taking judicial notice of the judicial confession was a "nullity" and refers to various cases addressing circumstances in which courts have criticized the taking of judicial notice of something other than judicial confessions. *See, e.g.*, *Ernst v. Child & Youth Servs.*, 108 F.3d 486, 498-99 (3d Cir. 1997) (determining that trial court did not err by not taking judicial notice of contents of affidavit when affidavit had not "been offered into evidence" and when person making affidavit "had not been called to testify");*United States v. Hawkins*, 76 F.3d 545, 551-52 (4th Cir. 1996) (stating that identity of defendant may not be proven by judicial notice because identity was not fact generally known, because identity is not "capable of determination by resort to sources whose accuracy cannot reasonably be questioned," and because identity is element "that is frequently and quite reasonably disputed"). However, one of our sister courts of appeals has explained that trial courts may take judicial notice of judicial confessions; that "when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence"; and that when "a trial court takes judicial notice of adjudicative facts, it authorizes the fact-finder to accept the facts as true without requiring formal proof." *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd); *see also Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (providing that "[a] written confession approved by the court, and thus considered by the court, can be sufficient to substantiate a guilty plea even if not introduced into evidence").

5

"unsworn testimony is inadmissible and is not legal evidence on which a judgment can be based");

*see also* Tex. R. Evid. 603 (requiring witness to "give an oath or affirmation" before testifying that he will "testify truthfully" and that oath "must be in a form designed to impress that duty on the witness's conscience").[2]

---

[2] In his brief, Scott points to cases in which a court determined that a sworn judicial confession was sufficient to support a defendant's guilty plea, *see Killion v. State*, 503 S.W.2d 765, 766 (Tex. Crim. App. 1973); *Degay v. State*, 455 S.W.2d 205, 206-07 (Tex. Crim. App. 1970); *Chavis v. State*, No. 08-10-00025-CR, 2011 WL 3807747, at *6 (Tex. App.—El Paso Aug. 26, 2011, pet. ref'd) (not designated for publication); *Chindaphone*, 241 S.W.3d at 223 (Dauphinot, J., dissenting) (displaying image of judicial confession found sufficient by majority that shows document was sworn before district clerk), but those cases do not state that a judicial confession must be sworn in order to be effective. In addition, Scott points to *Beaty v. State*, 466 S.W.2d 284 (Tex. Crim. App. 1971), and asserts that the case stands for the proposition that an unsworn judicial confession cannot support a guilty plea. However, we do not agree with Scott's reading of that case. In that case, Beaty filed a pro se brief asserting that his appeal was not frivolous and that there was insufficient evidence supporting his two guilty pleas. *Id.* at 285. In determining that Beaty's assertions had merit, the court of criminal appeals noted that most of the stipulated evidence presented did not comply with the requirements of the version of article 1.15 in effect at the time because it "was orally dictated into the record" rather than being presented in written form. *Id.* at 285-86; *see* Act of May 19, 1967, 60th Leg., R.S., ch. 659, § 2, art. 1.15, 1967 Tex. Gen. Laws 1732, 1733 (providing that evidence may be stipulated if defendant consents "to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence") (amended 1971, 1973, 1991) (current version at Tex. Code Crim. Proc. art. 1.15 (allowing oral stipulation of evidence as well)). Further, the court explained that the only "written statement or documentary evidence offered" in one of the two cases considered on appeal "was the unsworn extrajudicial written confession of the appellant which is to be distinguished from a judicial confession." *Beaty*, 466 S.W.2d at 286. Although the court determined that an unsworn *extrajudicial* confession was insufficient, the court explicitly determined that the document was distinguishable from a judicial confession. Furthermore, the court did not state that a written judicial confession must be sworn in order to support a guilty plea. *See id.*

In a similar set of arguments, Scott cites *Menefee v. State*, 287 S.W.3d 9 (Tex. Crim. App. 2009), and asserts that the court of criminal appeals determined that if the State intends to use a defendant's written statement to support a guilty plea, the statement must be sworn. As support for this proposition, Scott highlights the fact that many of the cases referred to by the court in *Menefee* involved either a sworn confession or testimony given under oath. *See id.* at 13 n.17 (citing various

However, "it is well-established that a judicial confession need not be sworn to before a clerk or other authority to support a conviction." *Weatherspoon*, 2016 WL 3919673, at \*2; *see Walker v. State*, No. 03-03-00018-CR, 2003 WL 21554285, at \*2 (Tex. App.—Austin July 11, 2003, no pet.) (mem. op., not designated for publication) (noting that "[t]here is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else"); *Ybarra v. State*, 93 S.W.3d 922, 927 n.4 (Tex. App.—Corpus Christi 2002, no pet.) (observing that "the judicial confession was neither sworn to before the clerk nor signed by the judge" but explaining that "these omissions do not affect either the confession's validity or admissibility"); *Weiss v. State*, Nos. 05-92-01764—01768-CR, 1997 WL 53354, at \*2 (Tex. App.—Dallas Feb. 11, 1997, no pet.) (not

---

cases after stating that judicial confessions covering all elements of charged offense "will suffice to support the guilty plea").

We find Scott's reliance on *Menefee* to be misplaced. In that case, Menefee pleaded guilty to the alleged crime and executed a stipulation admitting that he committed the offense; however, the written stipulation failed to include all of the elements of the offense. *Id.* at 10-11. Accordingly, the court of criminal appeals examined the remainder of the record to determine "whether the record might *otherwise* contain evidence sufficient to sustain [Menefee]'s guilty plea." *Id.* at 11. When examining the record, the court noted that during a "sworn colloquy between the trial court" and Menefee, Menefee acknowledged that he was pleading "'guilty' to the charged offense (without expressly admitting that the charges are 'true and correct')" and concluded that this type of "sworn acknowledgment" did not qualify as a judicial confession "sufficient to satisfy Article 1.15." *Id.* at 11, 14. On the contrary, the court explained that Menefee was simply entering his plea and did not actually admit that he was guilty of the offense. *Id.* at 15; *see also id.* at 18 (explaining that "[a] guilty plea under oath is still just a guilty plea").

Unlike *Menefee*, there is a judicial confession in this case that embraces all of the elements of the offense at issue. Although Scott correctly points out that the court in *Menefee* stated that "a sworn written statement" and testimony "under oath in open court" will be sufficient to support a plea as long as the "judicial confession covers all of the elements of the charged offense," *see id.* at 13, the court did not state that unsworn judicial confessions would be insufficient. On the contrary, the court explained that "[e]vidence offered in support of a guilty plea may take many forms." *See id.*

7

designated for publication) (stating that "[j]udicial confessions are evidentiary in nature and are not required to be sworn").

If a judicial confession states that the defendant has read the charging instrument and that he admits to having committed each alleged act, the confession alone is sufficient to support a conviction from a guilty plea under article 1.15. *See Chindaphone v. State*, 241 S.W.3d 217, 220 (Tex. App.—Fort Worth 2007, pet. ref'd) (concluding that judicial confession was sufficient to support plea where it read as follows: "I have read the indictment or information filed in this case and I committed each and every act alleged therein"). Based on the language of the judicial confession and the information, we must conclude that the judicial confession embraced every element of the charged offense and "contained sufficient reference to the [information]'s allegations to support the trial court's conviction on his guilty plea under article 1.15." *See Weatherspoon*, 2016 WL 3919673, at *3; *see also Brooks*, 2014 WL 2918000, at *2-4 (determining that conviction on guilty plea was proper when defendant signed stipulation of guilt stating that he had read indictments, which set out all required elements, and that State's evidence would show he had committed all alleged acts); *Tijerina v. State*, 264 S.W.3d 320, 323-24 (Tex. App.—San Antonio 2008, pet. ref'd) (mem. op.) (concluding that conviction on guilty plea was proper when defendant signed document stating that he judicially confessed that "'all the acts, charges, and allegations'" in indictment were "'true and correct'"); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd) (explaining that "judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct").

8

For all of these reasons, we overrule Scott's first two issues on appeal.

**Order of Restitution**

In his third issue on appeal, Scott asserts that the district court erred by ordering him to pay $50 in restitution when "the record does not contain a factual basis to support" the ordered restitution.

"In addition to any fine authorized by law, the court that sentences a defendant convicted of an offense may order the defendant to make restitution to any victim of the offense." Tex. Code Crim. Proc. art. 42.037(a). "Restitution is a victim's statutory right," and the statutes authorizing restitution are interpreted "liberally to effectuate fairness to the victims of crime." *Burt v. State*, 445 S.W.3d 752, 756-57 (Tex. Crim. App. 2014). "If the offense results in damage to or loss or destruction of property of a victim of the offense, the court may order the defendant" to return the property or "if return of the property is impossible or impractical or is an inadequate remedy, to pay an amount equal to the greater of" the property's value "on the date of the damage, loss, or destruction" or the property's value "on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned." Tex. Code Crim. Proc. art. 42.037(b)(1). The State has "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense." *Id.* art. 42.037(k).

Appellate courts review a trial court's order of restitution under an abuse-of-discretion standard of review. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Under that standard, "the judgment will be reversed only if it is arbitrary, unreasonable, or 'outside the zone of reasonable disagreement.'" *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (quoting

*State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)). "[D]ue process places three limitations on the restitution a trial judge may order: (1) the restitution ordered must be for only the offense for which the defendant is criminally responsible; (2) the restitution must be for only the victim or victims of the offense for which the defendant is charged; and (3) the amount must be just and supported by a factual basis within the record." *Burt*, 445 S.W.3d at 758. "[I]f there is a lack of a sufficient factual basis," the reviewing court "should vacate and remand the case for a restitution hearing because the trial judge is authorized to assess restitution, but the amount of restitution is not (yet) supported by the record." *Id.*; *see also Miller v. State*, 343 S.W.3d 499, 503 (Tex. App.—Waco 2011, pet. ref'd) (presuming that trial court had authority to order restitution because no party presented issue regarding trial court's authority and remanding case to trial court for new restitution hearing when trial court abused its discretion by ordering restitution for cost of repair).

When challenging the restitution order, Scott asserts that there was no evidence presented regarding restitution in the plea hearing or the sentencing hearing, that the only mention of restitution occurred when the district court orally pronounced its judgment and ordered him to pay $50 in restitution, and that the restitution obligation was later incorporated into the district court's judgment of conviction. However, restitution was mentioned in the victim-impact portion of the presentence-investigation report, and Scott answered, "No, Your Honor," when the district court asked if there were any "corrections or additions" to be made to the report. *See Tolbert v. State*, Nos. 01-10-00536—00538-CR, 2011 WL 3359718, at *2-3 (Tex. App.—Houston [1st Dist.] Aug. 4, 2011, pet. ref'd) (mem. op., not designated for publication) (explaining that trial court may take judicial notice of fact in presentence-investigation report in absence of objection and that if there is

10

no objection regarding accuracy of fact in report, no additional proof regarding fact need be offered); *Jones v. State*, 713 S.W.2d 796, 797-98 (Tex. App.—Tyler 1986, no pet.) (upholding restitution order based in part on presentence-investigation report when no challenge to accuracy of report was made). Specifically, the report documents Holt's assertion that Scott threw her phone at her during the assault and that her phone was damaged resulting in a loss of $50.

In light of the preceding, we cannot agree with Scott's assertion that there is no factual basis for the restitution award and must conclude that the district court did not abuse its discretion by ordering Scott to pay $50 in restitution.

In his reply brief, Scott points to the language from subarticle 42.037(k) of the Code of Criminal Procedure providing that the State has "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense." Tex. Code Crim. Proc. art. 42.037(k). Based on this language, Scott contends that restitution was not permissible in this case because Scott was not charged with or convicted of damaging or stealing Holt's cell phone. As support for this assertion, Scott principally relies on *Reasor v. State*, 281 S.W.3d 129 (Tex. App.—San Antonio 2008, pet. ref'd). In that case, Reasor pleaded guilty to the offense of possession of cocaine, and the trial court deferred his adjudication of guilt and placed him on community supervision. *See id.* at 131; *see also* Tex. Health & Safety Code § 481.115 (setting out offense of possession of controlled substance). Approximately eight years later, the State moved to revoke his community supervision on the grounds that he had committed several subsequent offenses, including committing criminal mischief by damaging the home that he was renting. *Reasor*, 281 S.W.3d at 131-34; *see* Tex. Penal Code § 28.03 (listing elements for crime of criminal mischief). The trial court found

11

that allegation to be true and ordered him to pay his landlord restitution for the damage caused. *Reasor*, 281 S.W.3d at 131. On appeal, the reviewing court explained that "[a] trial court may impose restitution only for the victim of the offense for which the defendant was convicted." *Id.* at 135. Accordingly, the appellate court determined that the trial court lacked the authority to order that restitution be paid to Reasor's landlord because his landlord was not a victim "of Reasor's original offense of conviction." *Id.*

Unlike *Reasor*, the restitution in this case was ordered as part of Scott's conviction. Moreover, the restitution was ordered to the victim of the charged offense. Although Scott correctly points out that he was not charged with or convicted of stealing or damaging Holt's phone, the phone was damaged during the offense for which he was convicted. Accordingly, we do not agree that the analysis in *Reasor* compels a conclusion that the district court was without the authority to order the restitution at issue, and we believe that the restitution was proper because it was imposed to cover "the loss sustained by a victim as a result of the offense." Tex. Code Crim. Proc. art. 42.037(k).

For all of these reasons, we overrule Scott's third issue on appeal.

**Plea Bargain**

In his final issue on appeal, Scott contends that the judgment of conviction should be reformed "to reflect that [he] did not plead guilty pursuant to a plea bargain." As set out above, when entering his plea, Scott signed plea papers that were entitled "WRITTEN PLEA AGREEMENT" and included the judicial confession discussed earlier. The first section of the agreement explained that when Scott entered his guilty plea, the State agreed to the following recommendation: "OPEN." However, the judgment of conviction included the statement "SEE

12

ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" under the line "Terms of Plea Bargain." *See Elliot v. State*, No. 08-13-00035-CR, 2014 WL 4922624, at *2 (Tex. App.—El Paso Sept. 30, 2014, no pet.) (not designated for publication) (concluding that defendant's open plea without agreement with State to recommend reduced sentence or any other bargain was not plea bargain); *Krueger v. State*, No. 03-05-00093-CR, 2006 WL 305032, at *5 (Tex. App.—Austin Feb. 9, 2006, pet. ref'd) (mem. op., not designated for publication) (explaining that there is no plea-bargain agreement when there is open plea as to punishment). Although the State points out that the judgment does not specifically state that there was a plea bargain, it concedes that if the statement "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" could imply otherwise, this Court should reform the judgment to delete the reference. This Court has the authority to modify incorrect judgments when it has the information necessary to do so, *see* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993), and for the sake of clarity and accuracy, we agree that the statement should be deleted. Accordingly, we sustain Scott's fourth issue on appeal.

## CONCLUSION

Having sustained Scott's fourth issue on appeal, we modify the judgment of conviction to remove the statement "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" from the line underneath the heading "Terms of Plea Bargain" and to instead reflect that the "Terms of Plea Bargain" are "Not Applicable." Having overruled Scott's remaining three issues on appeal, we affirm the trial court's judgment of conviction as modified.

13

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Modified and, as Modified, Affirmed

Filed:   August 24, 2016

Do Not Publish

14